**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiffs,*
Wenting Sun and Xujian Chen

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENTING SUN and XUJIAN CHEN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED RECOVERY SERVICES, LLC d/b/a UNITED TRUSTEE SERVICES; and GLEN LOMA RANCH MASTER ASSOCIATION,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. §§ 1692, *ET SEQ.*; AND**<br><br>2. **THE CALIFORNIA ROSENTHAL ACT, CAL. CIV. CODE §§ 1788, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//
//

- 1 -
CLASS ACTION COMPLAINT

# INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. Plaintiffs WENTING SUN ("Sun") and XUJIAN CHEN ("Chen") (together both referred as "Plaintiffs"), by and through Plaintiffs' attorneys of record, brings this action to secure redress from unlawful debt collection practices engaged in by Defendants UNITED RECOVERY SERVICES, LLC d/b/a UNITED TRUSTEE SERVICES ("URS") and GLEN LOMA RANCH MASTER ASSOCIATION ("Glen Loma") (together both referred as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

3. Under California Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

- 2 -

CLASS ACTION COMPLAINT

of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. All violations alleged regarding the statutes herein are material violations of said statutes as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendants named.

**JURISDICTION AND VENUE**

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"); and the Rosenthal Act, Cal. Civ. Code §§ 1788, et seq. (RFDCPA).

12. Because Defendants conduct business within the County of Santa Clara, in the State of California, and because (a) Defendant URS operates from a principal a

place of business located at 696 San Ramon Valley Blvd., Suite 353, Danville, California 94506, and (b) Defendant Glen Loma operates from a principal a place of business located at 4000 Executive Pkwy, Suite 100, San Ramon, California 94583, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391.

14. Venue of this particular Court is proper as Plaintiffs are residents and citizens of the County of Santa Clara, State of California, and all harm was caused to Plaintiffs within the County of Santa Clara, in the State of California.

15. At all times relevant, Defendants operated or conducted business within the State of California.

## PARTIES AND DEFINITIONS

16. Plaintiff Sun is a natural person, who resides within this district in the County of Santa Clara in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing; and is purportedly a debtor as that term is defined by California Civil Code § 1788.2(h). Plaintiff Sun is also a natural person purportedly obligated to pay a debt and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

17. Plaintiff Chen is a natural person, who resides within this district in the County of Santa Clara in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing; and is purportedly a debtor as that term is defined by California Civil Code § 1788.2(h). Plaintiff Chen is also a natural person purportedly obligated to pay a debt and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendant URS is a limited liability company organized under the laws of the State of California with a principal place of business located at 696 San Ramon Valley Blvd., Suite 353, Danville, California 94506.

19. Defendant URS is a collection agency, a self-described debt collector, and person, who uses an instrumentality of interstate commerce in a business the

principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6) and a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

20. Defendant Glen Loma is a corporation organized under the laws of the State of California with a principal place of business located at 4000 Executive Pkwy, Suite 100, San Ramon, California 94583.

21. Defendant Glen Loma is a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

22. Defendants were allegedly owed a monetary debt by Plaintiffs, which makes Defendants a "creditor" under California Civil Code § 1788.2(i) of the Rosenthal Act.

23. Defendants, in the ordinary course of business, regularly, on behalf of itself or others, directly or indirectly, collects or attempts to collect debts from borrowers, and therefore engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b) and is a "debt collector" as that term is defined by Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

24. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a purported "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

25. Defendants alleged that Plaintiffs owed Defendants money allegedly for personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d) of the Rosenthal Act.

26. At all times relevant, Defendants were attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the

meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

27. Because Plaintiffs, natural persons allegedly obligated to pay money to Defendants arising from what Plaintiffs are informed and believe was a consumer credit transaction due, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act,

28. Defendants were allegedly owed a monetary debt by Plaintiffs, which makes Defendants a "creditor" under California Civil Code § 1788.2(i) of the Rosenthal Act.  Defendants regularly collects or attempts to collect, directly or indirectly, debts on their own behalf, and is therefore a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

29. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

30. At all times relevant, Plaintiffs were persons residing in the State of California.

31. At all times relevant, Defendants conducted business in the State of California.

32. Sometime prior to August 23, 2022, Plaintiffs purportedly incurred a financial obligation to an original creditor, Defendant Glen Loma. Plaintiffs are uncertain and do not concede that a debt is actually owed to Defendants or its predecessor(s) in interest, if any.

33. Plaintiffs are at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "person" under Cal. Civ. Code 1788.2(g).

34. Sometime thereafter, but before August 23, 2022, Plaintiffs purportedly fell behind in the payments claimed to be owed on an alleged debt.

35. As it is irrelevant to this action, Plaintiffs currently take no position as to

the validity of the alleged debt.

36. Sometime prior to August 23, 2022, the original creditor Defendant Glen Loma, either directly or through intermediate transactions, assigned, placed or transferred the alleged debt to Defendant URS for collection activities on its behalf.

37. These alleged financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

38. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and Cal. Fin. Code § 100002(f).

39. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet.

40. Defendants are each a "debt collector" as defined by Cal. Civil Code § 1788.2(c) and Defendant URS is a "debt collector" pursuant to 15 U.S.C. § 1692a(6) and Cal. Fin. Code § 100002(j).

41. On or around August 23, 2022, Defendants sent a collection letter to Plaintiffs in attempts to collect upon the alleged debt (the "Letter").

42. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

43. This communication by Defendants was a "debt collection" as that phrase is defined by Cal. Civ. Code 1788.2(b) and Cal. Fin. Code § 100002(i).

44. In this Letter, Defendants failed to provide Plaintiffs with proper written notice as required pursuant to 15 U.S.C. § 1692g of the FDCPA.

45. Specifically, Defendants' Letter failed to provide Plaintiffs and, upon

information and belief, the Class "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof is disputed the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector" in violation of 15 U.S.C. § 1692g(a)(4).

46. Defendants' Letter was confusing to Plaintiffs and contradicted and overshadowed Plaintiffs' right to dispute the debt within thirty days because the Letter stated that "after 15 days from the original due date" the alleged debt "may be submitted to the associations attorney or collection vendor for action" even though it is unclear when the "original due date" was and gave Plaintiffs the impression that the debt may be sent to an attorney for legal action before the thirty days after receipt of the letter while Plaintiffs had the right to dispute the debt or any portion of it.

47. In addition, Defendants' Letter further confused and misled Plaintiffs because it did provide Plaintiffs their full thirty days, as allowed by the statute, after receipt of the Letter to dispute the alleged debt or any portion of it because the letter demanded payment by September 27, 2022, which was less than thirty days after Plaintiffs received the Letter, thereby giving Plaintiffs less than thirty days to dispute.

48. Defendants Letter did not give Plaintiffs' the full time allowed under the statute to dispute and verify the alleged debt before being forced to pay the alleged debt.

49. Regulation F, § 1006.34(b)(5) provides that the validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information.

50. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. § 6103(a), Saturdays, and Sundays) after the debt collector provides it.

51. Despite being permitted thirty days after receipt of the Letter to dispute the alleged debt, Defendants' Letter inaccurately stated Plaintiffs' deadline to call or write to dispute the alleged debt was September 27, 2022. Through this conduct and/or omission, Defendants have failed to adhere to the federal regulation that regulates its industry, a task that would be relatively easy for Defendants to follow, and instead Defendant uses this omission in its attempt to demand payment and place consumers at a financial and strategic disadvantage and to competitively disadvantage debt collectors that abide by the rigors of the FDCPA and/or the Rosenthal Act.

52. Defendants' Letter misrepresented and deceived Plaintiffs regarding Plaintiffs' statutory rights under 15 U.S.C. § 1692g(a)(4) and thus through the above conduct, Defendant URS violated 15 U.S.C § 1692g

53. The purpose of 15 U.S.C. § 1692g is to ensure that consumers are made aware of their rights with respect to debt collection activities. *Higgins v. Capital Credit Services, Inc.*, 762 F. Supp. 1128, 1134 (1991). Defendants' Letter is likely to mislead consumers since it overshadows and misrepresents the dispute period permitted by federal law.

54. Defendant URS' name, "United Trustee Services," and the also misled, deceived, and confused Plaintiffs because Defendant's name, "United Trustee Services," gives the least sophisticated consumer the impression that Defendant URS may be part of a government entity or a bankruptcy court or an agency affiliated with the United States when in actuality that is not the case.

55. In addition to the above, the California Debt Collection Licensing Act, Cal. Fin. Code § 100000, et seq. (DCLA), which took effect on January 1, 2022, requires any person engaging in the business of debt collection in California to be licensed by the California Department of Financial Protection and Innovation (DFPI).

56. DCLA defines "debt collection" to mean any act or practice in connection with the collection of consumer debt, and defines "debt collector" to mean any person who, in the ordinary course of business, regularly, "on the

person's own behalf" or on behalf of others, engages in debt collection.

57. Legislative history indicates the scope of coverage of the DCLA is intended to be similar to that of the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), which generally extends to creditors as well as third-party debt collectors.

58. As a debt collector collecting debt in the state of California, Defendant URS was required to submit an application to be licensed by the DFPI on or before Friday, December 31, 2021.

59. Prior to operating or engaging in the business of debt collection in California, Defendant URS was required to wait for the issuance of a license before it was permitted to operate lawfully as a debt collector in California.

60. Defendant URS is neither licensed to do business in California, nor has Defendant URS filed an application to conduct business in California. Therefore, Defendant URS is a debt collector that does not have an approved application or a pending application to do business in California.

61. In light of the above, Defendant URS was not legally permitted to operate as a debt collector in California since January 1, 2022.

62. Defendant Glen Loma improperly assigned or transferred the alleged debt to Defendant URS, who was not legally permitted to engage in collections activities in California.

63. Through the above conduct, Defendants threatened to take action that could not legally be taken in violation of 15 U.S.C. § 1692e and § 1692e(5).

64. Through the above conduct, Defendants used false representations, misleading representations, or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e and § 1692e(10).

65. Through the above conduct, Defendants engaged in the use unfair or unconscionable means to collect or attempt to collect any debt in violation of 15

U.S.C. § 1692f.

66. Through all the above-described conduct, Defendants took actions against Plaintiffs concerning the alleged debt in violation of the statutes discussed above. Specifically, Defendants have violated 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(10), 1692f and 1692g of the FDCPA. Sections 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(10), and 1692f are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; therefore, both Defendants have violated Cal. Civ. Code § 1788.17.

67. As a result of Defendants' unfair, deceptive, false, misleading, and oppressive conduct in connection with its debt collection activities, Plaintiffs suffered invasion of privacy, was confused, deceived, and misled by Defendants' debt collection communications and has suffered mental anguish, anxiousness, stress, fear, lost sleep and felt feelings of despair as a result of Defendants' conduct and communications.

## CLASS ACTION ALLEGATIONS

68. Plaintiffs bring this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other similarly situated consumers and their successors in interest (the "Class") consisting of:

> All consumers with whom Defendants engaged in debt collection communications utilizing a written collection communication substantially similar to the Letter sent to Plaintiffs within one (1) year prior to the filing of this Complaint.

69. Plaintiffs also seek to represent the California Sub-Class consisting of:

> All consumers with whom Defendant URS engaged in debt collection activities with within one (1) year prior to the filing of this Complaint.

70. The Class satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure for maintaining a class action:

- the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons with whom

- 11 -
CLASS ACTION COMPLAINT

Defendants engaged in debt collection activities that violate specific provisions of the FDCPA and/or the California Rosenthal Act as discussed above.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i. Whether Defendants violated various provisions of the FDCPA;

    ii. Whether Defendants violated various provisions of the California Rosenthal Act, including, but not limited to the above cited sections of the FDCPA, and subsections cited therein, as that sections and subsection are incorporated by the California Rosenthal Act;

    iii. Whether Defendant URS violated various provisions of the DCLA;

    iv. Whether Plaintiffs and the Class have been injured by the Defendants' conduct;

    v. Whether Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    vi. Whether Plaintiffs and the Class are entitled to declaratory and/or injunctive relief, enjoining Defendants from continuing its illegal collection activities.

71. Plaintiffs' claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

72. Plaintiffs have no interest adverse or antagonistic to the interest of the other members of the Class;

73. Plaintiffs will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

74. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action;

75. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, Defendants will continue to reap and retain the proceeds of their ill-gotten gains; and

76. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### Count I

### Violation of the Fair Debt Collection Practices Act (FDCPA)

### 15 U.S.C. §§ 1692 et seq.

*(Against Defendant URS only)*

77. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

78. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, et seq.

79. As a result of each and every violation of the FDCPA, Plaintiffs and

1  each member of the Class is entitled to any actual damages pursuant to 15 U.S.C. §
2  1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §
3  1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §
4  1692k(a)(3) from Defendant.

## Count II

## Violation of the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)
## Cal. Civ. Code §§ 1788, et seq.

*(Against All Defendants)*

80. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

81. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788, et seq.

82. As a result of each and every violation of the Rosenthal Act, Plaintiffs and each member of the Class is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, demands judgment against Defendants as follows:

- Declaring that this action is properly maintainable as a Class Action and certifying Plaintiffs as Class Representatives of the Class defined herein or as certified by the Court, and appointing Plaintiffs' counsel as Class Counsel;
- Awarding Plaintiffs and each member of the Class maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA, against Defendant URS;

- Awarding Plaintiffs and each member of the Class maximum statutory damages pursuant to Cal. Civ. Code § 1788.30(b) of the California Rosenthal Act, against each of the Defendants;
- Awarding Plaintiffs and the Class actual damages;
- Awarding Plaintiffs and the Class injunctive relief;
- Awarding pre-judgment interest and/or post-judgment interest to the extent permitted by law;
- Awarding reasonable attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA and/or Cal. Civ. Code § 1788.30(c) of the California Rosenthal Act, against both Defendants; and
- Any such other and further relief as the Court may deem just and proper.

## **TRIAL BY JURY**

83.   Plaintiffs are entitled to, and demands, a trial by jury on all issues so triable.

Dated: October 7, 2022                                  Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**


By:   s/ Mona Amini
          David J. McGlothlin, Esq.
          Mona Amini, Esq.
          Gustavo Ponce, Esq.

*Attorneys for Plaintiffs*

- 15 -
CLASS ACTION COMPLAINT