**FREEMAN MATHIS & GARY, LLP**
JOHN L. KORTUM / Bar No. 148573
john.kortum@fmglaw.com
1255 Treat Blvd., Suite 300
Walnut Creek, CA 94597
(415) 352-6410; FAX (833) 317-0001

**FREEMAN MATHIS & GARY, LLP**
JAEMIE L. PARAON / Bar No.: 340735
Jaemie.paraon@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California 90071-2627
(213) 615-7000; FAX (833) 264-2083

Attorneys for Defendant
GLEN LOMA RANCH MASTER ASSOCIATION

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENTING SUN and XUJIAN CHEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED RECOVERY SERVICES, LLC d/b/a UNITED TRUSTEE SERVICES and GLEN LOMA RANCH MASTER ASSOCIATION,<br><br>Defendants. | Case No. 3:22-cv-05887-TLT<br>Hon. Trina L. Thompson – Courtroom C – 19th Floor<br><br>**DEFENDANT GLEN LOMA RANCH MASTER ASSOCIATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 21, 2023<br>Time: 2:00 p.m.<br><br>Complaint Filed: October 7, 2022<br>FAC Filed: December 30, 2022<br>Trial Date: None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 21, 2023 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Trina L. Thompson, United States District Court Judge of the above-entitled court, located at

1

450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Glen Loma Ranch Master Association ("Glen Loma") will move the Court for an order dismissing the First Amended Complaint ("FAC") as against Glen Loma with prejudice, for failure to state a claim upon which relief can be granted.

The motion to dismiss is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs' allegations are insufficient to state a claim against Glen Loma upon which relief can be granted under the California Rosenthal Act.

- First, the Rosenthal Act applies only to "debt collectors" as defined by the two acts, and Glen Loma is not a debt collector because it does not regularly engage in debt collection.
- Second, the Rosenthal Act applies only to "creditors" as defined by the Act, and Glen Loma is not a creditor because association assessments are not credit transactions.
- Third, if there are any violations of the Rosenthal Act at all, Defendant United Recovery Services, LLC ("URS") is solely responsible for those violations, and Glen Loma is not vicariously liable for the acts of URS.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jaemie L. Paraon In Support Of The Motion To Dismiss Plaintiffs' First Amended Complaint Against Glen Loma, the matters of which the Court may appropriately take judicial notice, the papers and records on file in this action, and such other evidence as may be presented at the hearing.

Dated: January 11, 2023          FREEMAN MATHIS & GARY, LLP

                                  By: _____
                                      John L. Kortum
                                      Jaemie L. Paraon
                                      Attorneys for Defendant GLEN LOMA
                                      RANCH MASTER ASSOCIATION

# TABLE OF CONTENTS

*Page(s)*

I. INTRODUCTION ............................................................................................................. 5

II. STATEMENT OF ISSUES ............................................................................................... 6

III. FACTUAL ALLEGATIONS ............................................................................................ 6

IV. LEGAL STANDARD ....................................................................................................... 8

V. ARGUMENT ..................................................................................................................... 8

    A. Because Glen Loma Does Not Regularly Engage In Debt Collection, Glen Loma Is Not A Debt Collector And Cannot Be Liable Under The Rosenthal Act. ............................................................................................ 8

    B. Because Association Assessments Are Not Credit Transactions, Glen Loma Is Not A Creditor, And It Cannot Be Liable Under The Rosenthal Act. ...................................................................................................... 10

    C. Glen Loma Is Not Vicariously Liable For The Acts Of URS. ............................... 12

VI. MEET AND CONFER REQUIREMENT IS SATISFIED ............................................. 14

VII. CONCLUSION ................................................................................................................ 15

# TABLE OF AUTHORTIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................8

*Davidson v. Seterus*,
   21 Cal.App.5th 283 (2018) ......................................................................................11

*Dickson v. Century Park E. Homeowner's Ass'n*,
   2021 WL 3161179 (C.D. Cal. May 13, 2021).........................................................11

*Gold v. Midland Credit Mgmt., Inc.*,
   82 F.Supp.3d 1064 (N.D. Cal. 2015).......................................................................12

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025 (9th Cir. 2008) ...................................................................................8

*Miranda v. Field Asset Servs.*,
   2013 WL 124047 (S.D. Cal. Jan. 9, 2013) ..............................................................13

*Oei v. N. Star Capital Acquisitions, LLC*,
   486 F.Supp.2d 1089 (C.D. Cal. 2006).....................................................................13

*Pflueger v. Auto Fin. Grp., Inc.*,
   1999 WL 33740813 (C.D. Cal. Apr. 26, 1999).........................................................9

*Plumb v. Barclays Bank Delaware*,
   2012 WL 2046506 (E.D. Wash. June 5, 2012)........................................................13

*Randolph v. IMBS, Inc.*,
   368 F.3d 726 (7th Cir. 2004) ...................................................................................13

*Rich v. BAC Home Loans Servicing LP*,
   2013 WL 10104612 (D. Ariz. Dec. 13, 2013).........................................................13

*Rosal v. First Federal Bank of California*,
   671 F.Supp.2d 1111 (N.D. Cal. 2009).....................................................................10

*St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.,*
   536 F.3d 1049 (9th Cir. 2008) .................................................................................. 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
   551 U.S. 308 (2007) .............................................................................................. 8

*Teng v. Metropolitan Retail Recovery,*
   851 F.Supp. 61 (E.D.N.Y. 1994) ............................................................................. 13

*Wadlington v. Credit Acceptance Corp.,*
   76 F.3d 103 (6th Cir.1996) .................................................................................... 13

**Statutes**

15 U.S.C. § 1692g .................................................................................................... 6

15 U.S.C. § 1692g(a)(4) .......................................................................................... 7

Cal. Civ. Code § 1788.2(c) ...................................................................................... 9

Cal. Civ. Code § 1788.2(e) .................................................................................... 11

Cal. Civ. Code § 1788.2(f) ..................................................................................... 11

Cal. Civ. Code § 1788.2(i) ..................................................................................... 10

Cal. Civ. Code, § 5650(b) ...................................................................................... 12

Cal. Civ. Code, § 5650(b)(3) ................................................................................. 12

Cal. Civ. Code, §§ 1788.10-1788.17 ..................................................................... 10

Cal. Civ. Code, §§ 5550, 5600 .............................................................................. 12

**Rules**

Federal Rules of Civil Procedure, Rule 10(c) ....................................................... 15

FRCP Rule 8(a)(2) ................................................................................................... 8

Rule 12(b)(6) of the Federal Rules of Civil Procedure ............................. 2, 6, 8, 15

*St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.,*
   536 F.3d 1049 (9th Cir. 2008) .................................................................................. 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
   551 U.S. 308 (2007) .............................................................................................. 8

*Teng v. Metropolitan Retail Recovery,*
   851 F.Supp. 61 (E.D.N.Y. 1994) ............................................................................. 13

*Wadlington v. Credit Acceptance Corp.,*
   76 F.3d 103 (6th Cir.1996) .................................................................................... 13

Statutes

15 U.S.C. § 1692g .................................................................................................... 6

15 U.S.C. § 1692g(a)(4) .......................................................................................... 7

Cal. Civ. Code § 1788.2(c) ...................................................................................... 9

Cal. Civ. Code § 1788.2(e) .................................................................................... 11

Cal. Civ. Code § 1788.2(f) ..................................................................................... 11

Cal. Civ. Code § 1788.2(i) ..................................................................................... 10

Cal. Civ. Code, § 5650(b) ...................................................................................... 12

Cal. Civ. Code, § 5650(b)(3) ................................................................................. 12

Cal. Civ. Code, §§ 1788.10-1788.17 ..................................................................... 10

Cal. Civ. Code, §§ 5550, 5600 .............................................................................. 12

Rules

Federal Rules of Civil Procedure, Rule 10(c) ....................................................... 15

FRCP Rule 8(a)(2) ................................................................................................... 8

Rule 12(b)(6) of the Federal Rules of Civil Procedure ............................. 2, 6, 8, 15

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Wenting Sun and Xujian Chen (collectively, "Plaintiffs") filed this lawsuit against two separate defendants, United Recovery Services, LLC d/b/a United Trustee Services ("URS") and Glen Loma Ranch Master Association ("Glen Loma") (collectively, "Defendants"), asserting theories of recovery for violations of various provisions of the Fair Debt Collection Practices Act ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"). Plaintiffs assert only their Second Cause of Action under the Rosenthal Act against Glen Loma.

Each of Plaintiffs' claims apparently arises out of collection efforts directed towards Plaintiffs. While Plaintiffs complain generally of the actions of "Defendants" without specifying **who** did **what**, the meager factual allegations related to Glen Loma reveal that Plaintiffs cannot maintain their claim against Glen Loma. The "new" allegations in the FAC do nothing to cure the deficiencies of the original Complaint. Indeed, Plaintiffs' claim against Glen Loma is lacking essential elements, such that it cannot stand.

Plaintiffs' claim against Glen Loma fails for several reasons. First, Glen Loma is not a debt collector and cannot be liable under the Rosenthal Act because Glen Loma does not regularly engage in debt collection. Second, Glen Loma is not a creditor and cannot be liable under the Rosenthal Act because homeowners' association assessments are not credit transactions. Finally, Glen Loma cannot be held vicariously liable for the acts of URS, the debt collector engaged to obtain prompt payment of Plaintiffs' delinquent assessments, because Glen Loma is not a debt collector and URS is an independent contractor over which Glen Loma exercises no control.

Because Plaintiffs fail to state a cause of action against Glen Loma in their First Amended Complaint ("FAC"), Glen Loma respectfully requests that this Court

grant its motion to dismiss under FRCP Rule 12(b)(6) and order Glen Loma's dismissal from the action.

## II. STATEMENT OF ISSUES

Pursuant to Local Rule 7.4, Glen Loma identifies the following issue as the issue to be decided in this Motion: Whether Plaintiffs have pled a cause of action under the Rosenthal Act against Glen Loma sufficient to withstand a Rule 12(b)(6) motion to dismiss.

## III. FACTUAL ALLEGATIONS

The gist of the allegations in the FAC surrounds a collections letter received by Plaintiffs regarding a debt they had allegedly incurred to Glen Loma.

Plaintiffs state in the FAC that "[s]ometime prior to August 23, 2022, Plaintiffs purportedly incurred a financial obligation to an original creditor, Defendant Glen Loma." FAC, ¶ 27. Plaintiffs go on to say that "[s]ometime thereafter, but before August 23, 2022, Plaintiffs purportedly fell behind and became delinquent in the payments claimed to be owed on an alleged debt." FAC, ¶ 29. Plaintiffs then acknowledge that "[s]ometime prior to August 23, 2022, the original creditor Defendant Glen Loma, either directly or through intermediate transactions, assigned, placed or transferred the alleged debt to Defendant URS for collection activities on its behalf." FAC, ¶ 34. Plaintiffs repeat this allegation, claiming that "Defendant Glen Loma improperly assigned or transferred the alleged debt to URS, who was not legally permitted to engage in collection activities in California." FAC, ¶ 61.

The remaining allegations in the FAC occur *after* Plaintiffs assigned or transferred the debt to URS. Plaintiffs allege that on or around August 23, 2022, Defendant URS "sent a collection letter to Plaintiffs in attempts to collect upon the alleged debt (the 'Letter')." FAC, ¶ 39. Plaintiffs assert that "[i]n the Letter, Defendants failed to provide Plaintiffs with proper written notice as required pursuant to 15 U.S.C. § 1692g of the FDCPA." FAC, ¶ 42. Plaintiffs specifically

assert that Defendants failed to provide Plaintiffs and, upon information and belief, the Class 'a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof is dispute the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector' in violation of 15 U.S.C. § 1692g(a)(4)." FAC, ¶ 43.

Plaintiffs further allege that the Letter was "confusing to [them] and contradicted and overshadowed [their] right to dispute the debt within thirty days because the Letter stated that 'after 15 days from the original due date' the alleged debt 'may be submitted to the associations attorney or collection vendor for action' even though it is unclear when the 'original due date' was and gave Plaintiffs the impression that the debt may be sent to an attorney for legal action before the thirty days after receipt of the letter while Plaintiffs had the right to dispute the debt or any portion of it." FAC, ¶ 44. Tellingly, Plaintiffs did not append the Letter to the FAC, so neither this Court nor Glen Loma can examine the purported violations in the Letter.

Plaintiffs then claim that the Letter "further confused and misled Plaintiffs because it did not provide Plaintiffs their full thirty days, as allowed by the statute, after receipt of the Letter to dispute the alleged debt or any portion of it because the Letter demanded payment by September 27, 2022, which was less than thirty days to dispute the debt or any portion of it." FAC, ¶ 45. Plaintiffs go on to allege that the Letter "did not give Plaintiffs' the full time allowed under the statute to dispute and verify the alleged debt before the deadline provided by Defendants to pay the alleged debt." FAC, ¶ 48. Plaintiffs specifically allege that "[d]espite being permitted thirty days after receipt of the Letter to dispute the alleged debt, Defendants' Letter inaccurately stated Plaintiffs' deadline to call or write to dispute the alleged debt was September 27, 2022." FAC, ¶ 51.

Notably absent from the FAC are non-conclusory allegations that, when taken

together, demonstrate that Glen Loma regularly and in the ordinary course of business collects debts on behalf of others. Nor are there any non-conclusory allegations that Glen Loma directs or controls URS's conduct in the actual performance of URS's debt collection work.

## IV. LEGAL STANDARD

A defendant may move to dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails to state a claim upon which relief can be granted. The Federal Rules require a pleading to include a "short and plain statement of the claim that the pleader is entitled to relief." FRCP Rule 8(a)(2).

A viable complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). While the Court is generally limited in its review on a motion to dismiss to the facts alleged in the complaint, it may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Courts are not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nor must courts accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## V. ARGUMENT

    **A.** **Because Glen Loma Does Not Regularly Engage In Debt Collection, Glen Loma Is Not A Debt Collector And Cannot Be Liable Under The Rosenthal Act.**

8
GLEN LOMA'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

By its own explicit terms, the Rosenthal Act applies only to "debt collectors." Under the Rosenthal Act, "The term 'debt collector' means any person who, in the ordinary course of business, *regularly*, on behalf of that person or others, engages in debt collection." Cal. Civ. Code § 1788.2(c) (emphasis added). The word "regularly" in the definition of "debt collector" means "normally, usually, or customarily." *Pflueger v. Auto Fin. Grp., Inc.*, No. CV-97-9499 CAS(CTX), 1999 WL 33740813, at *5 (C.D. Cal. Apr. 26, 1999).

Plainly stated, Glen Loma is not a debt collector within the meaning of the Rosenthal Act. The FAC alleges insufficient facts showing that Glen Loma itself engages in any act to collect debts, let alone regularly does so. Simply alleging that Glen Loma is a "debt collector" without alleging actual facts that, when taken together and assumed to be true, show that Glen Loma regularly collected debts, is patently unacceptable. Plaintiffs cannot simply regurgitate the elements of a claim under the Rosenthal Act without providing any supporting factual allegations.

Indeed, the acts alleged to have violated the Rosenthal Act were all performed by URS, not Glen Loma. Plaintiffs acknowledge that sometime prior to August 23, 2022, "Defendant Glen Loma, either directly or through intermediate transactions, assigned, placed or transferred the alleged debt to Defendant URS for collection activities on its behalf." FAC, ¶ 34. Plaintiffs repeat this allegation, claiming that "Defendant Glen Loma improperly assigned or transferred the alleged debt to URS. . . ." FAC, ¶ 61. Plaintiffs' own allegations, if taken to be true, would show that the debt at issue was *transferred* to URS for collection and was no longer in Glen Loma's hands. As such, when, on or around August 23, 2022, Defendant URS "sent a collection letter to Plaintiffs in attempts to collect upon the alleged debt (the 'Letter')," [FAC, ¶ 39], the logical conclusion that flows from Plaintiff's allegations in Paragraphs 34, 39, and 61 of the FAC is that *URS* sent Plaintiffs the letter. Glen Loma took no part in sending the Letter itself.

This Letter from URS is the crux of the FAC. Plaintiffs allege that the Letter

"failed to provide Plaintiffs with proper written notice as required pursuant to 15 U.S.C. § 1692g of the FDCPA." FAC, ¶ 42. Plaintiffs also allege that the Letter failed to provide them (and the putative class members) "'a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof is dispute the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector' in violation of 15 U.S.C. § 1692g(a)(4)." FAC, ¶ 43. Plaintiffs further allege that the Letter was "confusing to [them] and contradicted and overshadowed [their] right to dispute the debt within thirty days . . ." FAC, ¶ 44. Even if all these allegations were true, Glen Loma cannot be held liable because a plain reading of the FAC shows that these purported violations of the Rosenthal Act in the Letter occurred *after* Glen Loma transferred the debt to URS to collect. Because Glen Loma did not perform any of the acts of which Plaintiffs complain, no liability can attach to Glen Loma. As such, any liability, if any, with respect to the collection of Plaintiffs' alleged debt would fall completely on URS, the sole debt collector.

Courts have not hesitated to dismiss claims containing only conclusory allegations that a defendant regularly collects debts. *See Rosal v. First Federal Bank of California*, 671 F.Supp.2d 1111, 1135 (N.D. Cal. 2009). Because the FAC fails to allege specific facts that, if true, shows that Glen Loma regularly collects debts, the FAC fails to state a claim against Glen Loma under the Rosenthal Act.

**B.     Because Association Assessments Are Not Credit Transactions, Glen Loma Is Not A Creditor, And It Cannot Be Liable Under The Rosenthal Act.**

Every prohibited act in the Rosenthal Act applies only to "consumer debts." Cal. Civ. Code, §§ 1788.10-1788.17. Unlike the FDCPA, however, the Rosenthal Act also applies to creditors, who are persons who extend consumer credit to a debtor. Cal. Civ. Code § 1788.2(i). The Rosenthal Act further defines "consumer

10

debt" and "consumer credit" as money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. Cal. Civ. Code § 1788.2(f). Under the Rosenthal Act, the term "consumer credit transaction" means "a transaction between a natural person and another person in which property, services, or money is acquired *on credit* by that natural person from the other person primarily for personal, family, or household purposes." Cal. Civ. Code § 1788.2(e) (emphasis added). The phrase "on credit" in the definition of "consumer credit transaction" means "obtaining something of value without immediate payment on the promise to make a payment or payments in the future." *Davidson v. Seterus*, 21 Cal.App.5th 283, 296 (2018).

While the nature of the debt owed by the Plaintiffs is unclear from the Complaint—which is another pleading defect in itself—case law instructs that homeowners' association assessments are not consumer *credit* transactions and, for that reason, an HOA cannot be a "debt collector" or "creditor" under the Rosenthal Act. *See Dickson v. Century Park E. Homeowner's Ass'n*, No. 220CV05152JWHMAAX, 2021 WL 3161179, at *4 (C.D. Cal. May 13, 2021).

As a homeowner's association, Glen Loma receives association assessments from its member homeowners. However, Glen Loma is not in the business of collecting debts or any other fees "on credit." As such, when Plaintiffs allege that "Plaintiffs purportedly fell behind and became delinquent in the payments claimed to be owed on an alleged debt" in Paragraph 29 of the FAC, these alleged "payments" could *only* refer to the association assessments levied by Glen Loma, since Glen Loma collects nothing else from its member homeowners. Thus, it is clear from the face of the pleading that the root of the transaction at issue in the FAC is *not* an extension of credit.

Association assessments, like those levied by Glen Loma, are not *credit* transactions. Association assessments are levied to meet Glen Loma's obligations and defray its costs, including the holding of necessary reserves for future repair and

11

maintenance of the association's major components. Cal. Civ. Code, §§ 5550, 5600. Glen Loma's members, who are the owners of single-family homes like Plaintiff, pay the assessments as or before Glen Loma incurs its obligations and costs. Glen Loma's expenses are assessed as or before the expenses are incurred. As such, the obligations of the members of the association, such as Plaintiffs, are **not** promises to pay later for value to be received now, but instead obligations to pay the costs of ownership as they arise. Accordingly, Glen Loma does not extend credit to the owners, but rather determines the costs of operation and assesses each owner's share of that cost. Glen Loma does not bestow anything directly upon any individual owner; rather, the owners, as members of the association, fund Glen Loma's payment of the association's expenses.

The possibility that interest, late charges, and collection costs are charged when an owner fails to timely pay his or her share of Glen Loma's association costs does not transform the assessments into credit transactions. Cal. Civ. Code, § 5650(b). Interest begins to accrue 30 days after the assessment is due. Cal. Civ. Code, § 5650(b)(3). Those charges are simply the ramifications of a homeowner's failure to pay on time.

Because Glen Loma's association assessments are not transactions by which property, services, or money is acquired "on credit," they are not consumer credit transactions under the Rosenthal Act. Thus, there can be no liability under the Rosenthal Act for the collection of association assessments, and the second cause of action against Glen Loma fails.

### C.     Glen Loma Is Not Vicariously Liable For The Acts Of URS.

The statutory language of the Rosenthal Act explicitly requires that the defendant regularly and, in the ordinary course of business, "engage in" debt collection. To "engage in" an activity does not ordinarily mean to hire someone else to do it; it means to take part in doing it oneself. *See Gold v. Midland Credit Mgmt., Inc.*, 82 F.Supp.3d 1064, 1072 (N.D. Cal. 2015). Accordingly, "the majority of

courts to have considered the issue have determined that a principal must be a debt collector in order to be held vicariously liable for the debt collection activities of another." *Gold*, 82 F.Supp.3d at 1072; *see also Oei v. N. Star Capital Acquisitions, LLC*, 486 F.Supp.2d 1089, 1097 (C.D. Cal. 2006) (vicarious liability is "restricted to principals who themselves are statutory 'debt collectors'"). As explained above, Glen Loma is not a debt collector itself. Thus, it cannot be held vicariously liable for the debt collection activities of URS.

Even if Glen Loma were a debt collector (which Glen Loma maintains it is not), a party cannot be held vicariously liable for the actions of a debt collector it hired, **unless** the hiring party controls the debt collector's conduct in the actual performance of the debt collection work. *See Teng v. Metropolitan Retail Recovery*, 851 F.Supp. 61, 67 (E.D.N.Y. 1994) (debt collector "was an independent contractor" because "there was no evidence" that it "was in any way subject to [creditor's] control with regard to its conduct in the actual performance of the debt collection work"). Notably, in the absence of evidence of such control, many federal courts have held that debt collectors are independent contractors for purposes of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) ("debt collectors are independent contractors"); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir.1996) ("[w]e do not think it would accord with the intent of Congress, as manifested in the terms of the Act, for a company that is not a debt collector to be held vicariously liable"); *Miranda v. Field Asset Servs.*, No. 3:11–CV–1514–GPC–JMA, 2013 WL 124047, at *4 (S.D. Cal. Jan. 9, 2013); *Plumb v. Barclays Bank Delaware*, No. CV–11–3090–RMP, 2012 WL 2046506, at *4 (E.D. Wash. June 5, 2012) ("even vicarious liability under the FDCPA has been restricted to principals who themselves are statutory 'debt collectors' "); *see also Rich v. BAC Home Loans Servicing LP*, No. CV–11–00511–PHX–SRB, 2013 WL 10104612, at *5 (D. Ariz. Dec. 13, 2013) (rejecting aiding and abetting liability under the FDCPA because it "expressly imposes liability only for the violations of a 'debt collector' ").

Here, the allegations in the FAC, when taken together and assumed to be true, are insufficient to show that Glen Loma directs or controls URS's conduct in the actual performance of URS's debt collection work. Even if Glen Loma provided Plaintiffs' names and Plaintiffs' outstanding balance of delinquent assessments to URS, these allegations do not demonstrate that Glen Loma controlled the manner by which URS performed its debt collection work. The FAC contains no allegations that Glen Loma, for example, instructed URS to contact Plaintiffs by letter or phone call. Nor are there any allegations that Glen Loma directed the frequency of URS's collection attempts—for example, by asking URS to call Plaintiffs every day until URS receives a response. Most importantly, there are no allegations in the FAC that Glen Loma told URS what to write in the Letter received by Plaintiffs on or around August 23, 2022. The inescapable conclusion is that Glen Loma engaged URS, an independent collector, to secure prompt payment of Plaintiffs' delinquent association assessments, and at that point, the matter was out of Glen Loma's hands.

Because Glen Loma did not direct or control the manner by which URS attempted to secure prompt payment of Plaintiffs' delinquent association assessments, Glen Loma cannot be held vicariously liable for URS's actions.

## VI.  MEET AND CONFER REQUIREMENT IS SATISFIED

Glen Loma's counsel attempted to meet and confer with Plaintiffs' counsel in good faith in an attempt to avoid bringing this Motion. The specific details of those efforts are described in the Declaration of Jaemie L. Paraon, filed concurrently with this Motion. In sum, Glen Loma's counsel pointed out the deficiencies in their cause of action for the California Rosenthal Act and urged Plaintiffs' counsel to voluntarily dismiss Plaintiffs' Complaint against Defendant. Glen Loma's counsel also asked Plaintiffs' counsel to provide Glen Loma's counsel a copy of the collections letter allegedly sent to Plaintiffs by Defendants on or around August 23, 2022. As of the date of filing of this Motion, Plaintiffs' counsel have failed to meet and confer in good faith or provide any legal or factual basis for the allegations against Glen Loma.

Further, Plaintiff's counsel failed to share with Glen Loma's counsel a copy of the requested collections letter.

Glen Loma made every effort to avoid judicial intervention, but Glen Loma's efforts were impeded by Plaintiffs' lack of cooperation. Glen Loma pointed out to Plaintiffs the numerous deficiencies in their original Complaint and requested that Plaintiffs amend or otherwise dismiss their Complaint against Glen Loma. Plaintiffs refused to meet and confer in good faith, which necessitated Glen Loma's filing of a Motion to Dismiss on December 16, 2022. Instead of filing an opposition to Glen Loma's original Motion to Dismiss, Plaintiff unexpectedly filed a FAC while the Motion to Dismiss was pending. The "new" allegations in the FAC do nothing to cure the deficiencies of the original Complaint. Glen Loma, again, attempted to meet and confer with Plaintiffs to address the lingering issues in the FAC, only to be ignored.

As a result, Glen Loma was left with no choice but to file *another* Motion to Dismiss to challenge the lingering deficiencies in the FAC. Additionally, because Plaintiffs' Counsel did not produce a copy of the requested collections letter, Glen Loma cannot append a copy of the letter to its Motion so the Court could properly consider the matter pursuant to Federal Rules of Civil Procedure, Rule 10(c).

## VII.   CONCLUSION

Plaintiffs' FAC fails to plead a claim against Glen Loma upon which relief may be granted under the Rosenthal Act. Accordingly, this Court should grant Glen Loma's motion to dismiss, pursuant to FRCP Rule 12(b)(6), and order Glen Loma's dismissal from the action.

Dated:  January 12, 2023

FREEMAN MATHIS & GARY, LLP

By: _____
John L. Kortum
Jaemie L. Paraon
Attorneys for Defendant GLEN LOMA RANCH MASTER ASSOCIATION

15
GLEN LOMA'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT