

March 23, 2023

Hon. Trina L. Thompson
U.S. District Court, Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

           Re:    *Sun v. United Recovery Services, LLC d/b/a United Trustee Services, et al.*
                 Case No.: 3:22-cv-05887-TLT

Dear Judge Thompson:

       Plaintiffs Wenting Sun and Xujian Chen and Defendant Glen Loma Ranch Master Association submit this joint letter regarding Glen Loma's admissions to Plaintiff Sun's Requests for Admissions, Set One ("RFAs"), and objections to Plaintiff Sun's Special Interrogatories, Set One ("SROGS"), and Requests for Production of Documents, Set One ("RFPs"). Counsel for the parties attest that they have met and conferred on these issues on March 16, 2023 by telephone.

**<u>Glen Loma's Position</u>**

       Glen Loma seeks an order relieving it from the effect of a two-day late service of discovery responses, specifically permitting (1) withdrawal of admissions; and (2) relief from waiver of its objections to the SROGS and RFPs.

       On February 3, 2023, Plaintiff Sun served on Glen Loma the SROGS, the RFPs, and the RFAs via United States regular mail. Given the three-day period for service by mail, Glen Loma's responses were due on March 8, 2023. Due to a calendaring error at the office of Glen Loma's counsel which allowed five days for service by mail, Glen Loma's counsel was under the impression that Glen Loma's responses were due on March 10, 2023. As such, Glen Loma's counsel emailed Plaintiffs' counsel on March 10, 2023, for a brief one-week extension of the deadline to respond until March 17, 2023 so that Glen Loma representative could execute a verification to the SROGS. No extension had previously been requested. It was not until Plaintiffs' counsel responded to the extension request that Glen Loma's counsel realized that there had been a calendaring error. Less than *two hours* from Plaintiffs' counsel informing Glen Loma's counsel that Glen Loma's discovery responses were late and only *two days* after the deadline, Glen Loma *electronically* served the responses to the SROGS, the RFPs, and the RFAs. Within half an hour, Plaintiffs' counsel acknowledged receipt of the responses. Glen Loma provided verifications for the substantive responses on March 13, 2023.

1. **Withdrawal of Glen Loma's Admissions Will Promote the Presentation of the Merits of This Action And Will Not Prejudice Plaintiffs.**



March 23, 2023
Page 2

      FRCP 36(b) specifically authorizes the court, on motion, to permit an admission to be withdrawn or amended "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). The party who obtained the admission has the burden of proving it would be prejudiced by a withdrawal. *Id.*

      The first half of the test in FRCP 36(b) is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon*, 474 F.3d at 622 (citation omitted). It is sufficient to satisfy the first prong of the test by showing that the admissions go directly to the core issues of the litigation, including the ultimate question of liability. *See Douglas v. Banks*, No. C 09-3191 LHK PR, 2011 WL 577419, at *1 (N.D. Cal. Feb. 7, 2011); *Quality Inv. Properties Santa Clara, LLC v. Serrano Elec., Inc.*, No. C 09-5376 LHK PSG, 2011 WL 2846555, at *1 (N.D. Cal. July 18, 2011); *Gardias v. San Jose State Univ.*, No. C04-04086 HRL, 2007 WL 2325850, at *1 (N.D. Cal. Aug. 8, 2007); *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*, No. C05-00198 JWHRL, 2007 WL 1140464, at *3 (N.D. Cal. Apr. 17, 2007). Here, Plaintiff Sun's 19 RFAs go directly to core issues in the litigation, including the ultimate questions of Glen Loma's liability for purported violations of the Rosenthal Act. Specifically:

- RFAs Nos. 1-5 ask Glen Loma to admit that Plaintiffs and their delinquent association assessments are subject to the Rosenthal Act, which go directly to the issue of whether Glen Loma violated the Rosenthal Act;
- RFAs Nos. 6-11, 14 ask Glen Loma to admit that it is a debt collector or otherwise regularly engages in debt collection activities and, therefore, is subject to the Rosenthal Act;
- RFAs Nos. 12-13 ask Glen Loma to admit that it violated the Rosenthal Act, which is the dispositive issue of this litigation for Glen Loma, would serve as an admission of liability;
- RFAs Nos. 16, 18-19 ask Glen Loma to admit that Plaintiffs and their counsel have met all of the requirements for class certification; and
- RFA No. 17 asks Glen Loma to admit that it hired an unlicensed debt collector, URS, to collect a debt, which may support Plaintiffs' claim for vicarious liability.

      If these requests were deemed admitted, Glen Loma would be precluded from refuting several aspects of Plaintiffs' claims. To date, Glen Loma has consistently denied liability under the Rosenthal Act because it is not a debt collector, does not regularly engage in debt collection, and Plaintiffs' delinquent homeowners' association assessments are not consumer debt. *See* Dkt. Nos. 9, 22, 24. In fact, Glen Loma filed a Motion to Dismiss all claims against Glen Loma, which is currently set to be heard on April 25, 2023, based in part on these defenses. Admission of RFAs Nos. 6-11 and 14 would eliminate Glen Loma's defense that it is not subject to the Rosenthal Act because it is not a debt collector and does not otherwise engage in debt collection activities and homeowners' association assessments are not consumer debt under the Rosenthal Act. Admission of RFAs Nos. 6-11 and 14 would foreclose Glen Loma's ability to oppose any class certification motion filed by Plaintiffs because Plaintiffs cannot meet all of the class certification requirements.



March 23, 2023
Page 3

Courts have withdrawn admissions when they do not accurately portray the facts. *Hunt v. McKay*, No. 04-435, 2007 WL 1299798, *2 (E.D. Cal. May 3, 2007); *Arreola v. Dudley*, No. 2:08-cv-00805, 2010 WL 3292936, at *2 (E.D. Cal. Aug. 16, 2010). Here, the admissions cannot stand because Plaintiffs have requested Glen Loma to admit false conclusions of law and false matters of fact. RFA No. 17 asks Glen Loma to admit that it hired URS, an unlicensed debt collector, to collect a debt on its behalf. However, URS has a pending application for a debt collection license and is permitted to engage in debt collection in California.

Further, the prejudice contemplated by FRCP 36(b) "relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). Prejudice is more likely to be found where the motion for withdrawal is made during trial or when a trial is imminent. *See* Conlon, 474 F.3d at 624. Plaintiffs cannot meet their burden of showing prejudice by the withdrawal of the admissions.

1. First, this case is in the infancy stages of litigation. Trial is ***over a year away and may be continued because the trial date was set without one essential party, the debt collector URS, which*** has not appeared. Plaintiffs will have ample opportunity to conduct other discovery if the admissions are withdrawn.
2. Second, Glen Loma served its responses to the RFAs on March 10, 2023—only ***two days*** after their due date and ***within two hours*** of being made aware the responses were late. Given that Plaintiffs' counsel said nothing to Glen Loma's counsel about the untimely responses to the RFAs for two days, Plaintiffs were not prejudiced by the two-day delay.
3. Finally, Plaintiffs likely expected Glen Loma to deny all, if not most, of the RFAs. Courts have ordered withdrawal of admissions where the party obtaining the admissions would use them to establish disputed facts. *See James v. Maguire Corr. Facility*, No. C 10-1795 SI PR, 2012 WL 3939343, at *5 (N.D. Cal. Sept. 10, 2012); *see also Salisbury v. Ward*, No. C06 2993 MMC BZ, 2007 WL 1982754, at *2. Here, Glen Loma has consistently disputed the issues addressed by the RFAs as they go directly to the question of Glen Loma's liability under the Rosenthal Act. Accordingly, Plaintiffs could not have believed that Glen Loma would have admitted all 19 RFAs.

**2. Courts Have Discretion to Relieve a Party from the Harsh Consequences of Waiver.**

FRCP 33, relating to interrogatories, explicitly authorizes a court to excuse any failure to state a timely objection upon a showing of good cause. Courts generally agree that there is no reason to treat waiver under FRCP 34, relating to production of documents, any different than FRCP 33. *See Brown v. Stroud*, No. C-08-02348-VRW DMR, 2010 WL 3339524, at *1 (N.D. Cal. Aug. 24, 2010). Courts retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Courts outside the Ninth Circuit have similarly exercised their broad judicial discretion to relieve a party from the significant impact of a waiver of objections where the delay in providing the responses was minimal and did not unduly prejudice the party that propounded the discovery requests. *See Burlington Ins. Co. v. Okie Dokie, Inc.*, 368



March 23, 2023
Page 4

F. Supp. 2d 83, 91 (D.D.C. 2005) (declining to bar the plaintiff from asserting objections, reasoning that the defendant would not suffer prejudice by a ***nine-day*** delay and that the plaintiff had "not demonstrated a pattern of misconduct that would warrant the relatively harsh punishment sought at this stage"); *see also Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999) (exercising its broad judicial discretion and finding that the plaintiffs did not waive their right to raise their objections even though their responses were provided approximately ***one week*** after they were due). As explained above, the ***two-day*** delay of providing responses was minimal and did not prejudice Plaintiffs. Thus, the Court should exercise its discretion in relieving Glen Loma from waiver of its objections to both interrogatories and requests for production.

**Plaintiffs' Position**

As acknowledged in Defendant Glen Loma's position above, Plaintiff Sun's discovery requests were served by mail on February 3, 2023. Pursuant to Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and Fed. R. Civ. P. 36(a)(3), Glen Loma was allowed thirty (30) days following service to respond, plus an additional three (3) calendar days for service by mail, making Glen Loma's responses due no later than March 8, 2023. At no point prior to March 8, 2023 did counsel for Glen Loma reach out to Plaintiffs' counsel regarding an extension for their responses. Instead, Glen Loma's counsel's first request for an extension was days after their time to serve responses had already expired. On March 10, 2023, in response to Glen Loma's counsel's request for an extension, Plaintiffs' counsel informed Glen Loma's counsel that their response deadline had already passed, but Plaintiffs' counsel would be amenable to providing the requested extension so long as responses were served without objections which had been waived. As conceded above, after Defendant Glen Loma was informed its discovery responses were already delinquent, it served ***untimely and unverified*** responses and objections to Plaintiff Sun's Requests for Admissions, Requests for Production of Documents, and Special Interrogatories later in the afternoon on March 10, 2023.[1]

It is well established that a failure to timely object to discovery requests within the time required constitutes a waiver of any objections thereto. *See* Fed. R. Civ. P. 33(b)(4); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). While Rule 34 lacks similar waiver provisions, courts have similarly applied the waiver provision applicable to interrogatories under Rule 33 to document requests. *See, e.g., Myrdal v. District of Columbia*, No. 05-02351, 2007 WL 1655875 at *3 (D.D.C. June 7, 2007). Here, Defendant Glen Loma has admittedly failed to serve any timely responses or objections to Plaintiff's discovery requests within the time required by the Federal Rules of Civil Procedure, as discussed above. Therefore, any objections which were attempted to be asserted, or failed to be asserted, in its untimely responses to Plaintiff's discovery requests have been waived and should be stricken from Defendant's untimely and unverified discovery responses. In addition,

---

[1] Plaintiff Sun reserves the right and opportunity to separately address any perceived deficiencies in Defendant Glen Loma's discovery responses after the Court's ruling on the discovery issues outlined in this joint letter and an opportunity to review Defendant's responses to Plaintiff's discovery requests.



March 23, 2023
Page 5

the untimely responses to Plaintiff's Interrogatories were unverified, which constitutes a failure to make any written response to the interrogatories. Defendant Glen Loma's counsel argues that they later served Plaintiffs' counsel with a verification related to Glen Loma's responses to Plaintiff Sun's Special Interrogatories. However, it is Plaintiff's position that this purported verification is invalid as it is dated March 13, 2023, *after* Defendant's untimely and unverified responses were served via e-mail on March 10, 2023. Federal Rule of Civil Procedure 33(b)(5) requires the attorney to sign the objections and the client to sign the answers, making the later-signed verification to said responses disingenuous.

Rule 33(b)(4) provides for an automatic waiver of objections, with a narrow exception for extraordinary circumstances, upon a showing of good cause. *See, e.g., Byrd v. Reno*, No. 96-2375, 1998 WL 429676 at *6 (D.D.C. Feb. 12, 1998) (defining good cause as medical emergency or where requests are so patently irrelevant that accepting a late objection is necessary for the court to "prevent [ ] misuse of its processes."). Here, Plaintiff submits that Defendant Glen Loma's inaccurate calendaring of a discovery response deadline is insufficient to constitute an extraordinary circumstance showing good cause. Further, Glen Loma's counsel has failed to articulate why it failed to request an extension any time prior to the actual March 8 deadline, or prior to its inaccurately perceived deadline, to serve discovery responses, despite having adequate opportunity to do so. Therefore, Defendant Glen Loma's explanation for its untimely responses does not provide a sufficient basis for noncompliance with the Federal Rules of Civil Procedure, governing the timing of objections and responses to discovery requests.

Pursuant to Fed. R. Civ. P. 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." When a party fails to provide responses to requests for admissions within 30 days, the facts included in the requests for admissions are automatically deemed established. See Fed. R. Civ. P. 36(a)(3) (2009). *See also, e.g., Switchmusic.com, Inc. v. U.S. Music Corp.*, 416 F. Supp 2d 812, 817 (C.D. Cal. 2006). Here, Defendant Glen Loma failed to serve written responses or any objections prior to their March 8, 2023 deadline. Accordingly, the facts asserted in the requests for admissions served by Plaintiff are deemed admitted by Defendant Glen Loma based on its failure to assert any timely objection or response thereto. Defendant Glen Loma's responses to Plaintiff's Requests for Admission which were untimely served inappropriately include objections, which have been waived and should be stricken, and attempt to deny matters that have already been deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).

In light of the above, Plaintiff Sun respectfully requests that the Court decline to excuse the automatic waiver of Defendant Glen Loma's untimely objections to Plaintiff's discovery requests and allow the matters that have been admitted to remain admitted by Defendant.

Respectfully submitted,
/s/ Jaemie L. Paraon, Counsel for Glen Loma
/s/ Mona Amini, Counsel for Plaintiffs