UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENTING SUN, et al., <br><br>    Plaintiffs, <br><br>v. <br><br>UNITED RECOVERY SERVICES, LLC, et al., <br><br>    Defendants. | Case No.  22-cv-05887-TLT   (TSH) <br><br>**DISCOVERY ORDER** <br><br>Re: Dkt. Nos. 29, 36 |

    Plaintiffs Wenting Sun and Xujian Chen filed the present class action Complaint against Defendants United Recovery Services, LLC d/b/a United Trustee Services ("URS") and Glen Loma Ranch Master Association ("Glen Loma").  ECF No. 18.  Glen Loma has a motion to dismiss pending, in which it argues that it is not a debt collector or creditor and cannot be held vicariously liable for URS's conduct.  ECF No. 22.

    In the meantime, Plaintiffs have served discovery requests on Glen Loma.  Everyone agrees on what happened.  Plaintiffs served requests for production ("RFPs"), interrogatories ("rogs"), and requests for admission ("RFAs") on Glen Loma on February 3, 2023, by mail.  Pursuant to Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A), 36(a)(3) and 6(d), Glen Loma's responses were due by March 8, 2023.  On March 10, 2023, Glen Loma emailed Plaintiffs to ask for a one-week extension of time to serve responses, only to be told it had already missed the deadline.  Glen Loma electronically served responses later that day.  The ordinary effect of missing the deadline is that the RFAs are all deemed admitted, *see* Fed. R. Civ. Proc. 36(a)(3), and any objections to the RFPs and rogs are waived.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").  Glen Loma

now moves for relief from these harsh consequences.  ECF Nos. 29, 36.

As for the RFAs, Rule 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Here, permitting Glen Loma to withdraw its admissions would promote the presentation of the merits of the action.  The RFAs ask Glen Loma to admit it is subject to the Rosenthal Act, that it violated that act, that the requirements for class certification have been met, and that Glen Loma hired URS to collect a debt.  Allowing these admissions to stand would essentially end Glen Loma's ability to defend this lawsuit on the merits.  Moreover, allowing Glen Loma to withdraw these admissions will not prejudice Plaintiffs because discovery doesn't close until next January, and trial is more than a year away.  *See* ECF No. 26.  Further, Glen Loma's responses were only two days late.  Accordingly, Glen Loma's motion to withdraw the admissions is **GRANTED**.

As for the rogs, Rule 33(b)(4) states that "[a]ny ground [for objecting] not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  As for the RFPs, "[a]lthough Rule 34 does not expressly provide for any relief from a waiver of objections as does Rule 33, courts have granted such relief upon a showing of good cause."  *Brown v. Stroud*, 2010 WL 3339524, *1 (N.D. Cal. Aug. 24, 2010).  Here, the facts that Glen Loma served the responses only two days late (and the rog verification five days late), that Glen Loma served them the same day it was alerted to its error, and that there is no prejudice to Plaintiffs because the discovery cutoff and trial date are a ways away mean that there is good cause to excuse Glen Loma's untimely responses.  Accordingly, the Court **GRANTS** Glen Loma's motion to excuse the failure to timely object.

**IT IS SO ORDERED.**

Dated: April 10, 2023

THOMAS S. HIXSON
United States Magistrate Judge