UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENTING SUN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED RECOVERY SERVICES, LLC, et al.,<br><br>        Defendants. | Case No.  22-cv-05887-TLT<br><br>**ORDER GRANTING DEFENDANTS' SECOND MOTIONS TO DISMISS**<br><br>Re: ECF No. 43, 44 |

Before the Court is defendants United Recovery Services, LLC ("URS") and Glen Loma Ranch Master Association ("Glen Loma") (collectively, "Defendants")'s motions to dismiss plaintiffs Wenting Sun and Xujian Chen (together "Plaintiffs")'s second cause of action for failure to state a claim under Rule 12(b).  Fed. R. Civ. P. 12(b); Def. URS' Mot. to Dismiss ("URS Mot."), ECF No. 43; Def. Glen Loma's Mot. to Dismiss ("Glen Loma Mot."), ECF No. 44. Plaintiffs' second amended complaint alleges Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), and California's Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), resulting from unlawful debt collection practices.  Second Am. Class Action Compl. ("Am. Compl."), ECF No. 42.

After carefully considering the parties' briefs, oral arguments, the relevant legal authority, and for the reasons below, the Court **GRANTS** Defendants' motions to dismiss without leave to amend.

//
//
//

## I. BACKGROUND

### a. Procedural Background

On April 24, 2023, the Court granted Defendants' motions to dismiss with leave to amend Plaintiffs' second cause of action under the Rosenthal Act for failure to state a claim under Rule 12(b). *See* Order Granting Mot. to Dismiss ("Mot. Order"), ECF No. 40. The Court found that this motion could be resolved without oral argument. *See* Civ. L.R. 7-1(b). On May 8, 2023, Plaintiffs submitted their second amended complaint. Am. Compl., ECF No. 42. In response, Defendant URS filed a motion to dismiss Plaintiffs' second cause of action for violation of the California Rosenthal Act. URS Mot., ECF No. 43 (augmenting its motion with a Decl. of Jessica A. Fakhimi ("Fakhimi Decl."), and five Exhibits ("A, B, C, D, and E")). Defendant Glen Loma similarly filed a motion to dismiss. Glen Loma Mot., ECF No. 44. Following the filing of the parties' Opposition and Reply briefs, the Court now considers Defendants' motion to dismiss, argued on September 12, 2023.

### b. Factual Background

Plaintiffs Wenting Sun and Xujian Chen reside in Santa Clara, California. Am. Compl. ¶¶ 15-16. Defendant URS is a limited liability company with its principal place of business located in Danville, California. *Id.* ¶¶ 3, 17, 18. Defendant Glen Loma is a corporation with its principal place of business located in Ramon, California. *Id.* ¶¶ 3, 21-22.

Prior to late August 2022, Plaintiffs allege they "fell behind" on paying their homeowners association ("HOA") assessment obligation. *Id.* ¶ 33. As a result, Defendant Glen Loma sent Plaintiffs a "Delinquency Notice" for unpaid HOA assessments, late fees, and interest. *Id.* ¶ 36. Between sending the letter on August 2, 2022, and August 23, 2022, Defendant Glen Loma hired Defendant URS to recover Plaintiffs' unpaid balance on its behalf. *Id.* ¶ 36. Afterward, on August 23, 2022, Defendant URS sent Plaintiffs a collection letter ("Letter") asking for payment of the balance due to Defendant Glen Loma by September 27, 2022. *Id.* ¶ 51.

The Letter forms the basis of this dispute. Plaintiffs interpreted the Letter to be a debt collection communication. *Id.* ¶¶ 46-47. Plaintiffs say the Letter failed to provide proper written notice because it lacked a statement informing them of their ability dispute the amount owed. *Id.*

¶¶ 48-49.  They contend the statement also should have given them a thirty-day period to submit a dispute in writing, prompting Defendants to verify and mail Plaintiffs a copy of a judgement against them as consumers.  *Id.*  In addition, Plaintiffs allege the Letter confused and misled them because it did not allow the full time to verify the debt before the expiration of the deadline—also referred to as the validation period. *Id.* ¶¶ 51-55.  And since the statement disclosing the validation period—which excludes holidays and weekends—was omitted, Plaintiffs argue Defendants attempted to collect payment in violation of their rights, placed them and consumers alike at a financial and strategic disadvantage, and competitively deprived debt collectors that comply with the FDCPA and the Rosenthal Act. *Id.* ¶¶ 55-57.

This aside, Plaintiffs assert that Defendant URS' name confused, misled, and deceived them because it "gives the impression" that it may be a government entity, bankruptcy court, or federal agency. *Id.* ¶ 58-59.  In addition, Plaintiffs argue Defendant Glen Loma is liable because it "directed" Defendant URS on which consumers to contact, what to communicate, the amount due, and "maintained control" over the amounts accepted from Plaintiffs—and likely other consumers. *Id.*  As a result, Plaintiffs say they suffered an invasion of privacy, confusion, deception, mental anguish, anxiousness, stress, fear, lost sleep and felt in despair.  *Id.* ¶ 62.

In sum, Plaintiffs argue Defendants made false, deceptive, and misleading representations that unfairly sought debt collection. *Id.* ¶¶ 60-62.  As Defendant Glen Loma hired Defendant URS, Plaintiffs argue that both parties were debt collectors acting "in the scope of [their] regular business practices" by seeking the unpaid HOA assessment as a debt. *Id.* ¶¶ 37-38.  In other words, Plaintiffs alleged Defendants attempted to collect money from them used for "household purposes." *Id.*

Defendants' theory is simple.  They assert that they are not debt collectors because HOA assessments, subsequent interest, and late fees are not considered consumer credit transactions under the Rosenthal Act.  *See generally* URS Mot.; Glen Loma Mot.

**II.     LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

3

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Nonetheless, the Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.  Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er]…claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

### III.  DISCUSSION

As a preliminary matter, Defendants seek to dismiss only the second cause of action under the Rosenthal Act.  URS Mot.; Glen Loma Mot.  Therefore, the Court will not reach any cause of action asserted under the FDCPA.  In the instant case, the central question presented before the Court is whether Plaintiffs plausibly alleged enough facts to show that one or both Defendants unlawfully attempted to recover an unpaid balance Plaintiffs allegedly owes—for homeowner association assessments, late fees, and interest —in violation of the Rosenthal Act.  The parties disagree about whether Plaintiffs allege enough plausible facts as to whether Defendants are debt collectors; whether home association assessments, interest, and late fees are consumer credit transactions; and if so, whether Defendant Glen Loma can be held vicariously liable for Defendant URS' acts in attempting recovery.  The Court resolves these questions below.

4

**A.     Plaintiffs Pleadings Are Insufficient Under the Rosenthal Act**

The purpose of the Rosenthal Act is to prohibit debt collectors from unfairly or deceptively collecting consumer debts and requires debtors to fairly agree to repay and honor their debts. *See* Cal. Civ. Code § 1788.1(b). The Rosenthal Act describes "debt collectors" as persons who, themselves or for others, regularly attempt or collect debts in the ordinary course of business, including offers to or actual creation of "forms, letters, and other collection media used or intended to be used for debt collection." Cal. Civ. Code § 1788.2(c). A "debt collection" is any act related to the collection of consumer debts. *See id.* § 1788.2(a). "Consumer debt" ranges from "money, property, or their equivalent," to "mortgage debt" and is owed by a "debtor" because it is "a consumer credit transaction." *Id.* § 1788.2(f) and (h). A "consumer credit transaction" consists of a deal between a corporation or limited liability company and a natural person wherein property, services, or money is obtained "on credit" by the natural person for "personal, family, or household purposes." *See id.* § 1788.2(e) and (g).

As defined by the statute, Plaintiffs claim Defendants are "debt collectors and creditors" who engaged in "debt collection" against them when attempting to retrieve unpaid homeowner association assessments, late fees, and interest. Am. Compl. ¶¶ 18-20, 22-27. The unpaid balance was allegedly owed to Defendants by Plaintiffs as consumers by extension of credit. *Id*. Defendants argue that they are not debt collectors or creditors because homeowner association assessments are not "consumer debt" or "consumer credit transactions" under the Rosenthal Act. URS Mot. at 13; Glen Loma Mot. 9-10. As a preliminary matter, the statute considers mortgage debt as one kind of consumer debt. *Id.* § 1788.2(f). The Court recognizes that homeowner association assessments and related fees are separate transactions from Plaintiffs' mortgage. However, as Plaintiffs argue, the homeowner association assessments services provided by Defendant Glen Loma are charged to Plaintiffs related to their household. Am. Compl. ¶¶ 15, 25-26, 38. The question then, is whether Plaintiffs alleged enough plausible facts to show they are entitled to relief because Defendant Glen Loma's services are provided on credit.

In *Davidson v. Seterus*, absent the Rosenthal Act's definition of "on credit[,]" the California court interpreted the term to mean "obtaining something of value without immediate

5

1  payment on the promise to make a payment or payments in the future." *Davidson v. Seterus*, 21
2  Cal. App. 5th 283, 295–96 (2018). *Davidson* applied its interpretation of "on credit" to a
3  mortgage, which involved the plaintiff borrowing funds to obtain property "without full immediate
4  payment and with the promise to pay back those funds." *Id.* at 297. Applied in *Dickson*, our sister
5  court determined that paying homeowner assessments is not a promise to pay later for value
6  received; instead, it was an "obligation to pay the costs of ownership as those costs arose."
7  *Dickson v. Century Park E. Homeowner's Ass'n*, No. 22-cv-5152 2021 WL 3161179, at *4 (C.D.
8  Cal. May 13, 2021). Plaintiffs correctly identify the distinguished procedural posture between
9  *Dickson* and the instant case—*Dickson* had reached summary judgment while this case rests in the
10 initial pleading stage. Pls.' Opposition to URS Mot. ("Opp'n URS Mot.") 9-10. The Court
11 declines to reach the issue of whether a homeowner association assessment is a consumer debt or
12 consumer credit at this stage of proceeding. But *Dickson* helps identify facts Plaintiffs need plead
13 to survive a motion to dismiss. *Dickson*, at *4.

Outrightly stating that Defendants were collecting unpaid homeowner association assessments, late fees, and interest—as a consumer debt or a credit transaction—is legally conclusory in nature. As previously explained in the Court's last Order:

> The Court finds Plaintiffs have not sufficiently alleged that Defendant is a "debt collector" under the Rosenthal Act. Specifically, Plaintiffs have "merely alleged the legal conclusion that [Defendant is a debt collector] without providing any supporting facts demonstrating that [Defendant] engage[s] in a business the principal purpose of which is the collection of debts." *Swain v. CACH, LLC*, 699 F. Supp. 2d 1109, 1113 (N.D. Cal. 2009). For example, Plaintiffs allege that Defendant "is a 'debt collector' as that term is defined by Civil Code § 1788.2(c)" because it "regularly, on behalf of itself or others, directly or indirectly, collects or attempts to collect debts from consumers like Plaintiffs and/or engages in acts or practices in connection with the collection of consumer debts; and therefore, engages in 'debt collection' as that term is defined by California Civil Code § 1788.2(b) . . . ." Am. Compl. ¶ 19; Opp'n 7. Plaintiffs "must…adequately allege that Defendant is a 'debt collector' in order to state a plausible claim for relief under the Rosenthal Act." *See Keshishian v. AFNI Inc.*, No. 12-cv-4204 2012 WL 5378819, at *2 (C.D. Cal. Nov. 1, 2012).

Mot. Order at 4. The same logic applies here as in the Court's previous Motion to Dismiss Order.

Plaintiffs do not plausibly allege that Defendants are debt collectors or creditors. Instead,

6

1  Plaintiffs untimely filed a supplemental brief, explaining "the debt collection activities and the
2  money alleged to be due or owing falls within the scope of the Rosenthal Act." *See* Supplemental
3  Brief ("Supp. Br."), ECF No. 51.  Plaintiffs reference *Hagey v. Solar Serv. Experts, LLC*, where
4  the California appeals court explained that the complaint showed how the plaintiff "agreed to pay
5  for all electricity produced" and to use such electricity "primarily for personal, family or
6  household purposes." *Hagey v. Solar Serv. Experts, LLC*, No. G061836, 2023 WL 5602365, at *3
7  (Cal. Ct. App. Aug. 30, 2023).  For instance, the appeals court clarified how the plaintiff alleged
8  that "each monthly payment was for past service." *Id.*  These facts established that the agreement
9  embodied a transaction in which services were acquired on credit. *Id.*  Thus, the plaintiff alleged
10 sufficient facts establishing the alleged debt was a consumer credit transaction.

11 Conversely, Plaintiffs make no such allegation here.  To prevail on a motion to dismiss,
12 Plaintiffs need more factual enhancement about whether the alleged unpaid balance at dispute is,
13 indeed, a consumer credit transaction.  For example, Plaintiffs do not plead any facts about
14 whether they agreed to pay Defendants for the homeowner assessments.  Even if the Court were to
15 infer this connection from their assertion that they "fell behind" on payments, Plaintiffs do not
16 allege a distinction of whether they agreed to pay for the homeowner assessment *later* for value
17 received or *immediately* as those costs arose.  In other words, Plaintiffs' allegations are close to
18 stating a claim, but without some further factual enhancement the complaint reaches possibility
19 but lacks enough plausibility for entitlement to relief.  *Twombly*, 550 U.S. at 557 (internal
20 citations and parentheticals omitted).  At oral argument, counsel for Defendant URS noted that
21 the *Hagey* case is particularly distinguished from Plaintiffs claims because in this case the unpaid
22 balance is paid before homeowner association services are rendered thereafter.  *Sun et al. v. United*
23 *Recovery Servs. et al.*, (N.D. Cal. argued Sept. 12, 2023).

24 Absent adequate plausible facts, Plaintiffs mistakenly argue "homeowner association
25 assessments are clearly debts under the FDCPA" and by default the Rosenthal Act.  Opp'n URS
26 Mot 9-10.  But as *Dickson* explains, and the Court agrees, the different definitions under the
27 FDCPA and the Rosenthal Act are the reason why homeowner assessments may fall under the
28 FDCPA, but do not fall under the Rosenthal Act.  *Dickson*, at *14.  In other words, the Rosenthal

7

1  Act's definition of "debt collector" is "broader than that contained in the [FDCPA]." *Izenberg v.*

2  *ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008).

3        Finally, because Plaintiffs have not shown how Defendants can qualify as debt collectors, Plaintiffs cannot effectively allege that Defendant Glen Loma is vicariously liable under the Rosenthal Act. *See Dion LLC v. Infotek-Wireless, Inc.*, No. 07-cv1431, 2007 WL 3231838, at *4 (N.D. Cal. Oct. 30, 2007) (denying a motion to dismiss vicarious liability claim where plaintiffs alleged agency relationship between parties with sufficient factual allegations). As *Iqbal* explains, a claim is facially plausible if the plaintiff pleads facts that allows the court to draw a "reasonable inference" of a defendant's liability for the misconduct alleged. *See Iqbal*, 556 U.S. at 678.

### B. Leave to Amend

In Plaintiffs' opposition briefs, they requested leave to amend to cure any deficiencies the Court may identify. Opp'n URS Mot. 13; Pls.' Opposition to Glen Loma Mot. 13. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings with leave of the court. Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires," and this policy is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation omitted). The Supreme Court has outlined five factors in considering whether to grant leave to amend: (1) bad faith on the part of the movant, (2) undue delay by the movant, (3) repeated amendments by the movant, (4) undue prejudice to the nonmovant, and (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The nonmovant bears the burden of demonstrating why leave to amend should not be granted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Here, the first two factors weigh in favor of granting Plaintiff further leave to amend because there is no indication in the record before the Court that Plaintiffs are proceeding in bad faith or that Plaintiff has unduly delayed seeking leave to amend. However, factors three, four, and five weigh against granting Plaintiff further leave to amend. Specifically, the Court notes that this is Plaintiffs' second amended complaint and Defendant has now filed three separate motions to dismiss. Thus, the prejudice to Defendant from Plaintiffs' further amendment is high since any amendment complaint may require Defendant to file a fourth motion to dismiss. In addition,

counsel for Defendant URS argued the licensure standards for debt collectors are identical to the definitions and standards under the Rosenthal Act. *Sun et al. v. United Recovery Servs. et al.*, (N.D. Cal. argued Sept. 12, 2023) (noting the CFPL defined "debt collectors" under the Debt Collection Licensing Act of 2022). As the California Department of Financial Protection and Innovation determined Defendant URS does not require licensure, Plaintiffs' claim is futile.

Although Rule 15's standard is liberal regarding amendment, the Court granted Plaintiffs reprieve in amending their complaint on two occasions. Absent a sufficient showing that Defendants are debt collectors or creditors as defined under the Rosenthal Act, the Court hereby **DENIES** Plaintiffs further leave to amend their complaint.

## IV.   CONCLUSION

Accordingly, Plaintiffs do not state a claim under the Rosenthal Act because they have not alleged grounds for relief beyond concluding that Defendants are debt collectors and debt creditors." *See* Cal. Civ. Code § 1788.2(c). Again, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted). Plaintiffs' allegations are conclusory and insufficient to state an actionable claim against Defendants.

Therefore, the Court **GRANTS** Defendants' motion to dismiss without leave to amend.

**IT IS SO ORDERED.**

Dated: September 20, 2023

TRINA L. THOMPSON
United States District Judge